

U.S. Department of Justice

United States Attorney

District of Maryland

*Christine Manuelian*  
*Assistant United States Attorney*  
*Christine.Manuelian@usdoj.gov*

*Suite 400*  
*36 S. Charles Street*  
*Baltimore, MD 21201-3119*

DIRECT: 410-209-4852  
MAIN: 410-209-4800  
FAX: 410-962-9293

September 24, 2018

Honorable Deborah K. Chasanow
United States District Judge
District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

>Re:  *United States v. Chaudhry*
>    Criminal No. DKC-18-0226

Dear Judge Chasanow:

I write in response to the defendant's latest request for an indefinite postponement of his sentencing hearing. This would be the third time the defendant has sought to delay the hearing. The government continues to object to these ongoing delays.

On the date of our last conference call with the Court, August 29, 2018, defense counsel represented that the defendant was extremely weak and physically debilitated, and thus, unable to come to Court for sentencing on September 12. Later that afternoon, FBI personnel surveilled the defendant driving himself to a UPS store near his home, getting out of his vehicle unaided, retrieving a walker from the trunk of his vehicle, going into the store to transact business, and then returning to his vehicle and driving home. There were no other individuals present in the vehicle with the defendant. (A video and photos of the surveillance are available and can be provided to Court and counsel). It was clear the defendant was moving slowly and had lost some weight, but obviously, he was unconcerned about his ability to move about given that nobody drove him or accompanied him on this errand. I had debated on whether to inform the Court immediately, but decided, given the new hearing date already set by the Court, to request the FBI make further attempts to observe the defendant in public. Unfortunately, given manpower limitations, the FBI has been unsuccessful in observing the defendant since that date.

As the Court noted, the defendant has the ability to get out of the house and travel to see his treating physician. Obviously, he was able to drive himself to and from the UPS store not that long ago despite being physically incapacitated, as his counsel and treating physician alleged, such that he could barely button his own shirt. The defendant has children and friends who could drive him to Court in Baltimore, and if needed, arrangements could be made to have a wheelchair at the ready to transport the defendant from his vehicle in front of the courthouse up to the courtroom. The Court could allow the defendant to remain seated throughout the proceeding and utilize any portable oxygen he might need to assist with his breathing. If the defendant needed a break, it is

likely the Court would be able to accommodate that request within the limitations of its schedule for that day.

Other options exist to go forward with the hearing. A defendant's physical presence is normally required at sentencing. Fed.R.Crim.P. 43(a). However, the defendant's presence can be waived under circumstances where the defendant has plead guilty in a noncapital case, and then voluntarily absented himself from the sentencing proceedings. Fed.R.Crim.P. 43(c)(1)(B) and 43(c)(2). In *United States v. Lawrence*, 248 F.3d 300 (4th Cir. 2001), the Fourth Circuit held that the right to be present at sentencing is not absolute, noting that the voluntariness requirement of then Rule 43(b)(2) (now 43(c)(1)(B)) could be satisfied by the defendant's knowing and intelligent waiver of his right to be present. *Id.* at 304-05. *See United States v. Boykin*, 222 F.Supp. 398, 399 (D.Md. 1963), holding that affidavit of 78 year old hospitalized defendant with a heart condition, and concurring representations of counsel, established knowing and voluntary waiver of defendant's presence at sentencing); *United States v. Nektalov*, 2004 WL 1672466 (S.D.N.Y. July 26, 2004) (unpub.) (knowing and intelligent waiver of defendant's presence based on defendant's affidavit and his counsel's concurrence regarding defendant's serious health issues); *United States v. LiButti*, 1994 WL 774647, slip op. at *2-7 (D.N.J. December 23, 1994) (unpub.) (same).

In this case, even if the defendant decided to voluntarily waive his presence, and the Court found that waiver to be knowingly and intelligently made, the defendant would still have the opportunity to provide the Court with a written allocution for the Court's consideration prior to pronouncing sentence. By proceeding in this fashion, the defendant's medical condition would be protected, his voice heard, and the sentencing resolved, thus allowing the defendant to move on with his life and focus on his health and well-being. This is especially true given that neither party is contemplating recommending a sentence of imprisonment, but rather, is recommending probation with the possibility of home detention for a short period of time.

The government is well aware of the defendant's medical issues and took that into account in structuring its sentencing recommendation. As I have represented to the Court in the past, the defendant's physical (and alleged emotional issues as represented in his pleadings) have not deterred him from furthering his unlawful activities by making numerous trips to Pakistan and spending inordinate amounts of time attending functions and networking here in the States. Given the defendant's past conduct, the government is concerned the defendant's ongoing postponement requests are more a function of putting off the inevitable, rather than a true medical emergency that has rendered the defendant incapable of functioning, even in a limited fashion.

Finally, the Court should be aware that my retirement date has been pushed back to October 12, at the latest, to accommodate completion of an appellate brief.

                                                            Very truly yours,

                                                            Robert K. Hur
                                                            United States Attorney

                                                                                        _____/s/_____
                                                                                         Christine Manuelian
                                                                                         Assistant United States Attorney

cc:    (By CM/ECF)
        Shari Silver Derrow, AFPD
        Elizabeth Oyer, AFPD
        Scott Holtzer, USPO
        Irma Dasovic, USPO